Filing # 108607648 E-Filed 06/09/2020 03:36:42 PM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**MARTHA GARCIA,**

                Plaintiff,

**vs.**

**TARGET CORPORATION,**
A foreign profit corporation.

                Defendants.

_____/

## COMPLAINT

Plaintiff, MARTHA GARCIA, sues Defendant, TARGET CORPORATION, and alleges as follows:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees[1].

2.     At all times material hereto, Plaintiff, MARTHA GARCIA, was and remains a resident of Duval County, Florida.

3.     At all times material hereto, including March 15, 2020, Defendant, TARGET CORPORATION (hereinafter "TARGET"), was and remains a foreign profit corporation doing business in Duval County, Florida, at a location of 9041 Southside Blvd, Jacksonville, Florida

---

[1] The estimated value of Plaintiff's claim is in excess of the jurisdictional threshold minimum required by this Court. As such, Plaintiff has made this allegation in paragraph one of Plaintiff's Complaint, and has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet *for jurisdictional purposes only.* The actual value of Plaintiff's claim will be determined by a fair and just jury in light of the evidence, including non-economic damages, for which there is no exact standard for measuring such damage.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 06/10/2020 10:28:41 AM

32256, Store #669.

4.      At all times material hereto, including March 15, 2020, Defendant, TARGET CORPORATION, was in possession of, owned, maintained, managed, and/or controlled a retail department store, Target, located at 9041 Southside Blvd, Jacksonville, Florida 32256.

5.      The occurrence giving rise to this cause of action occurred on March 15, 2020, at the Target store located at 9041 Southside Blvd, Jacksonville, Florida 32256.

6.      On March 15, 2020, the Defendant, TARGET CORPORATION, was the owner and/or in possession of a retail store known as TARGET Store No. 669, located at 9041 Southside Blvd, Jacksonville, Florida 32256, that was open to the public, and members of the public were invited therein.

7.      On March 15, 2020, Plaintiff, MARTHA GARCIA, was on Defendant, TARGET CORPORATION'S, subject premises located at 9041 Southside Blvd, Jacksonville, Florida 32256 to purchase items from Defendant, TARGET CORPORATION.

8.      At that time and place, Plaintiff, MARTHA GARCIA, was lawfully on the premises of the aforementioned Target retail store.

9.      At that time and place, Plaintiff, MARTHA GARCIA, occupied the status of invitee as to Defendant, TARGET CORPORATION.

10.     At all times material hereto, including on March 15, 2020, Defendant, TARGET CORPORATION, owed a non-delegable duty to Plaintiff to use reasonable care in maintaining its property in a reasonably safe condition, to correct any dangerous conditions which the Defendant knew or should have known of by the use of reasonable care, and to warn the Plaintiff of any dangerous conditions of which the Defendant had or should have had knowledge greater than that of the Plaintiff.

2

11.     At all times material hereto, including on March 15, 2020, Defendant, TARGET, negligently, carelessly, and without due regard or concern for the safety of the Plaintiff, negligently maintained the above-mentioned property and/or premises so as to create, cause, allow and/or contribute to the presence of a wet, or slick, or soapy, or liquid substance on the floor near or around the aisle.

12.     While exercising due care for her own safety and being unaware of any dangerous conditions, Plaintiff, MARTHA GARCIA, fell after slipping in the substance on the floor.

13.     On March 15, 2020, the presence of this liquid substance on the floor was a dangerous condition that caused the Plaintiff to slip and fall resulting in serious bodily injury to the Plaintiff.

14.     The dangerous condition of the above-described substance on the floor existed for sufficient time for Defendant, TARGET CORPORATION, to have actual and/or constructive notice of such condition and to remedy the condition and/or to warn invitees on its premises, including the Plaintiff, of the dangerous condition.

15.     The dangerous condition of the above-described substance on the floor of the subject premises occurred with such regularity that the presence of the dangerous condition was foreseeable to Defendant, TARGET CORPORATION.

16.     At all times material hereto, including on March 15, 2020, Defendant, TARGET CORPORATION, had a duty to remedy the dangerous condition of the above-described substance on the floor of the subject premises and/or to warn invitees on its premises, including the Plaintiff, of the dangerous condition.

17.     At all times material hereto, including on March 15, 2020, Defendant, TARGET CORPORATION, negligently and carelessly failed and neglected to remedy the dangerous

condition of the above-described substance on the floor of the subject premises.

18.     At the time and place of the incident described above, Defendant, TARGET CORPORATION, by and through its agents, servants, and employees, breached its aforesaid duties to the Plaintiff in one or more of the following:

     a.     By negligently failing to maintain its premises in a reasonably safe condition;

     b.     By negligently failing to prevent the liquid substance from accumulating on the floor as described above where it would pose an unreasonable risk to invitees, such as Plaintiff, MARTHA GARCIA;

     c.     By negligently inspecting its premises to determine whether dangerous conditions existed that posed unreasonable risks of harm to invitees such as Plaintiff, MARTHA GARCIA;

     d.     By failing to clean up the subject liquid substance on the floor after it knew, or reasonably should have known, that it was there; and/or

     e.     By failing to warn the Plaintiff of the existence of the above-described substance on the floor.

19.     As a direct and proximate result of the above-described negligence of Defendant, TARGET CORPORATION, the Plaintiff, MARTHA GARCIA, suffered severe injuries.

20.     The injuries suffered by Plaintiff, MARTHA GARCIA, which were the result of the above-described negligence, were reasonably foreseeable consequences of the negligence of Defendant, TARGET CORPORATION.

21.     As a direct and proximate result of the negligence described above, Plaintiff, MARTHA GARCIA, suffered bodily injury and resulting pain and suffering, impairment,

disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff, MARTHA GARCIA demands judgment against Defendant, TARGET CORPORATION, for damages, costs of this action, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff, MARTHA GARCIA, demands trial by jury on all issues so triable.

DATED this 9th day of June, 2020.

**COKER LAW**

**FRAZ AHMED, ESQUIRE**
Florida Bar No.: 25653
E-mail:    fa@cokerlaw.com
           lsp@cokerlaw.com
           kaa@cokerlaw.com
**DANA A. JACOBS, ESQUIRE**
Florida Bar No.: 59053
E-mail:    daj@cokerlaw.com
           srh@cokerlaw.com
136 East Bay Street
Jacksonville, Florida 32202
Telephone: (904) 356-6071
Facsimile: (904) 353-2425
*Counsel for Plaintiff*

5
